MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X
JOSE LUIS ESPINOZA GONZALEZ, *individually and on behalf of others similarly situated,*

                *Plaintiff,*

-against-

547 LENOX BAR-B-Q-REST. CORP. (d/b/a HARLEM BAR-B-Q), MARC BERNSTEIN and KWASI SEMPER,

                *Defendants.*
---------------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION
UNDER 29 U.S.C. § 216(b)**

**ECF Case**

    Plaintiff Jose luis Espinoza Gonzalez ("Plaintiff Espinoza" or "Mr. Espinoza"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., and as against each of Defendants 547 Lenox Bar-B-Q-Rest. Corp. (d/b/a Harlem Bar-B-Q) ("Defendant Corporation"), Marc Bernstein and Kwasi Semper (collectively, "Defendants"), alleges upon information and belief as follows:

## NATURE OF ACTION

1. Plaintiff Espinoza was an employee of Defendants 547 Lenox Bar-B-Q-Rest. Corp. (d/b/a Harlem Bar-B-Q), Marc Bernstein and Kwasi Semper, who own and operate "Harlem Bar-B-Q".

2. "Harlem Bar-B-Q" is a BBQ restaurant owned by Marc Bernstein and Kwasi Semper located at 547 Lenox Ave, New York, NY 10037-1806.

3. Upon information and belief, Defendants Marc Bernstein and Kwasi Semper serve or served as owners, managers, principals or agents of Defendant Corporation and through this corporate entity operate or operated the restaurant as a joint or unified enterprise.

4. Plaintiff Espinoza is a former employee of Defendants.

5. Plaintiff Espinoza worked long days as a dishwasher at the restaurant located at 547 Lenox Ave, New York, NY 10037-1806.

6. Plaintiff Espinoza regularly worked for Defendants in excess of 40 hours per week, without appropriate minimum wage and overtime compensation for any of the hours that he worked over 40 each week.

7. Rather, Defendants failed to maintain accurate records of hours worked and failed to pay Plaintiff Espinoza appropriately for any hours work, either at the straight rate of pay or for any additional overtime premium.

8. Further, defendants failed to pay Plaintiff Espinoza the required "spread of hours" pay for any day in which he worked over 10 hours per day.

9. Defendants' conduct extended beyond Plaintiff Espinoza to all other similarly situated employees.

10. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

11. Plaintiff Espinoza now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 et

seq. and 650 et seq. (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees and costs.

12. Plaintiff Espinoza seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

13. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff Espinoza's state law claims is conferred by 28 U.S.C. § 1367(a).

14. Venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff Espinoza was employed by Defendants in this district.

## PARTIES

*Plaintiff*

15. Plaintiff Jose Luis Espinoza Gonzalez ("Plaintiff Espinoza" or Mr. "Espinoza") is an adult individual residing in New York, New York.

16. Plaintiff Espinoza was employed by Defendants from approximately February 26, 2016 until on or about August 25, 2017.

17. At all relevant times to this complaint, Plaintiff Espinoza was employed by Defendants as a dishwasher at Harlem Bar-B-Q, located at 547 Lenox Ave, New York, NY 10037-1806.

18. Plaintiff Espinoza consents to being party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

19. Defendants own, operate and/or control a BBQ restaurant located at 547 Lenox Ave, New York, NY 10037-1806 under the name of Harlem Bar-B-Q, at all times relevant to this complaint.

20. Upon information and belief, Defendant 547 Lenox Bar-B-Q-Rest. Corp. (d/b/a Harlem Bar-B-Q) ("Defendant Corporation") is a corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principle place of business at 547 Malcolm X Blvd., New York, New York 10037-1806.

21. Defendant Marc Bernstein is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

22. Defendant Marc Bernstein is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

23. Defendant Marc Bernstein possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

24. Defendant Marc Bernstein determined the wages and compensation of employees, including Plaintiff Espinoza, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

25. Defendant Kwasi Semper is an individual engaging (or who was engaged) in business within this judicial district during the relevant time period.

26. Defendant Kwasi Semper is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

27. Defendant Kwasi Semper possesses or possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, or controlled significant functions of Defendant Corporation.

28. Defendant Kwasi Semper determined the wages and compensation of employees, including Plaintiff Espinoza, established the schedules of employees, maintained employee records, and had the authority to hire and fire employees.

*Defendants Constitute Joint Employers*

29. Defendants operate a BBQ restaurant located at 547 Lenox Ave, New York, NY 10037-1806.

30. Individual Defendants Marc Bernstein and Kwasi Semper possess operational control over Defendant Corporation, possess an ownership interest in Defendant Corporation, and control significant functions of Defendant Corporation.

31. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

32. Each Defendant possessed substantial control over Plaintiff Espinoza's (and other similarly situated employees') working conditions, and over the policies and practices with respect to

the employment and compensation of Plaintiff Espinoza, and all similarly situated individuals, referred to herein.

33. Defendants jointly employed Plaintiff Espinoza, and all similarly situated individuals, and were Plaintiff Espinoza's (and all similarly situated individuals') employers within the meaning of 29 U.S.C. 201 *et seq.* and the NYLL.

34. In the alternative, Defendants constituted a single employer of Plaintiff Espinoza and/or similarly situated individuals.

35. Upon information and belief, Individual Defendants Marc Bernstein and Kwasi Semper operate and Defendant Corporation as either an alter ego of themselves, and/or fail to operate Defendant Corporation as an entity legally separate and apart from themselves, by, among other things:

    (a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a separate and legally distinct entity;

    (b) defectively forming or maintaining Defendant Corporation, by among other things failing to hold annual meetings or maintaining appropriate corporate records;

    (c) transferring assets and debts freely as between all Defendants;

    (d) operating Defendant Corporation for their own benefit as the sole or majority shareholders;

    (e) operating Defendant Corporation for their own benefit and maintaining control over it as a closed corporation or closely controlled entity;

    (f) intermingling assets and debts of their own with Defendant Corporation;

    (g) diminishing and/or transferring assets of Defendant Corporation to protect their own interests; and

(h)    other actions evincing a failure to adhere to the corporate form.

36.    At all relevant times, Defendants were Plaintiff Espinoza's employers within the meaning of the FLSA and NYLL.

37.    Defendants had the power to hire and fire Plaintiff Espinoza, control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for Plaintiff Espinoza's services.

38.    In each year from 2016 to 2017, Defendants, both individually and jointly, had gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

39.    In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items that were sold in the restaurant on a daily basis were produced outside of the State of New York.

*Individual Plaintiff*

40.    Plaintiff Espinoza is a former employee of Defendants, who was employed as a dishwasher.

41.    Plaintiff Espinoza seeks to represent a class of similarly situated individuals under 29 U.S.C. § 216(b).

*Plaintiff José Luis Espinoza González*

42.    Plaintiff Espinoza was employed by Defendants from approximately February 26, 2016 until on or about August 25, 2017.

43.    At all relevant times, Plaintiff Espinoza was employed by Defendants to work as a dishwasher.

44. Plaintiff Espinoza regularly handled goods in interstate commerce, such as dish soap and supplies necessary to perform his duties as a dishwasher.

45. Plaintiff Espinoza's work duties required neither discretion nor independent judgment.

46. Throughout his employment with Defendants, Plaintiff Espinoza regularly worked in excess of 40 hours per week.

47. From approximately February 26, 2016 until on or about December 2016, Plaintiff Espinoza worked from approximately 5:00 p.m. until on or about 2:00 a.m. or 3:00 a.m. Mondays through Sundays (typically 63 or 70 hours per week).

48. From approximately January 2017 until on or about August 25, 2017, Plaintiff Espinoza worked from approximately 3:00 p.m. until on or about 12:30 a.m. Mondays; from approximately 3:00 p.m. until on or about 12:00 a.m. Tuesdays Wednesdays, Thursdays and Sundays and from approximately 2:00 p.m. until on or about 2:00 a.m. Fridays and Saturdays (typically 69.5 hours per week).

49. From February 26, 2016 until on or about August 25, 2017, Plaintiff Espinoza was paid his wages in cash.

50. However, on three occasions, Plaintiff Espinoza was paid his wages by personal checks.

51. From approximately February 2016 until on or about August 25, 2017, defendants paid Plaintiff Espinoza $10.00 per hour.

52. Defendants never granted Plaintiff Espinoza any breaks or meal period of any kind.

53. Plaintiff Espinoza was not required to keep track of his time, nor to his knowledge did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

54. However, Plaintiff Espinoza kept a personal notebook that reflected his hours worked.

55. Defendants did not provide Plaintiff Espinoza with any document or other statement accounting for his actual hours worked, or setting forth the rate of pay for all of his hours worked.

56. No notification, either in the form of posted notices, or other means, was ever given to Plaintiff Espinoza regarding wages as required under the FLSA and NYLL.

57. Defendants did not provide Plaintiff Espinoza with each payment of wages a statement of wages, as required by NYLL 195(3).

58. Defendants did not give any notice to Plaintiff Espinoza, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

59. Defendants regularly required Plaintiff Espinoza to work in excess of forty (40) hours per week without paying him the required minimum wage, spread of hours pay and overtime compensation.

60. At all times relevant to this complaint, Defendants maintained a policy and practice of requiring Plaintiff Espinoza and all similarly situated employees to work in excess of forty (40) hours per week without paying them appropriate minimum and overtime compensation, as required by federal and state laws.

9

61. Defendants' pay practices resulted in Plaintiff Espinosa not receiving payment for all his hours worked, resulting in Plaintiff Espinosa's effective rate of pay falling below the required minimum wage rate.

62. Plaintiff Espinoza was a victim of Defendants' common policy and practices which violated his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63. Defendants habitually required Plaintiff Espinoza to work additional hours beyond his regular shifts but did not provided him with any additional compensation.

64. As part of their regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Espinoza by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

65. Defendants paid Plaintiff Espinoza most of his wages in cash; only on three occasions he was paid by personal checks.

66. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the Fair Labor Standards Act and the New York Labor Law by failing to maintain accurate and complete timesheets and payroll records.

67. Defendants also failed to post required wage and hour posters in the restaurant, and did not provide Plaintiff Espinoza with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of the wage and hour laws, and to take advantage of Plaintiff Espinoza's relative lack of sophistication in wage and hour laws.

68. Defendants also failed to provide Plaintiff Espinoza with statutorily required wage and hour records or statements of his pay received, in part so as to hide Defendants' violations of

the wage and hour laws, and to take advantage of Plaintiff Espinoza's relative lack of sophistication in wage and hour laws.

69. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Espinoza (and similarly situated individuals) worked, and to avoid paying Plaintiff Espinoza properly for his full hours worked, including minimum wage, overtime compensation and spread of hours pay.

68. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

69. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Espinoza and other similarly situated current and former employees.

70. Defendants failed to provide Plaintiff Espinoza and other employees with wage statements at the time of payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employers; address and phone number of employers; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked, as required by NYLL §195(3).

71. Defendants failed to provide Plaintiff Espinoza and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employers; the name of the employers; any "doing business as" names used by the employers; the physical address of the employers' main office or principal place of business, and mailing addresses if different; and the telephone numbers of the employers, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

72. Plaintiff Espinoza brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons who are or were employed by Defendants, or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period"), as employees of Harlem Bar-B-Q (the "FLSA Class").

73. At all relevant times, Plaintiff Espinoza and other members of the FLSA Class who are and/or were similarly situated, have had substantially similar job requirements and pay provisions, and were subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records required by the FLSA.

74. The claims of Plaintiff Espinoza stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

75. Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

76. At all times relevant to this action, Defendants were Plaintiff Espinoza's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants have the power to hire and fire Plaintiff Espinoza (and the FLSA class members), control the terms and conditions of employment, and determine the rate and method of any compensation in exchange for employment.

77. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

78. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

79. Defendants failed to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

80. Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

81. Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

82. Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

83. Defendants, in violation of the FLSA, failed to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

84. Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

85. Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK MINIMUM WAGE RATE

86. Plaintiff Espinoza repeats and realleges all paragraphs above as though fully set forth herein.

87. At all times relevant to this action, Defendants are Plaintiff Espinoza's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Espinoza (and the FLSA Class members), control terms and conditions of employment, and determine the rates and methods of any compensation in exchange for employment.

88. Defendants, in violation of the NYLL, paid Plaintiff Espinoza (and the FLSA Class members) less than the minimum wage in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor.

89. Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

90. Plaintiff Espinoza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE OVERTIME PROVISIONS OF
## THE NEW YORK STATE LABOR LAWS

91. Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

92. Defendants, in violation of the NYLL and associated rules and regulations, failed to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law § 190 *et seq.* and supporting regulations of the New York State Department of Labor.

93. Defendants failed to pay Plaintiff Espinoza (and the FLSA Class members) in a timely fashion, as required by Article 6 of the New York Labor Law.

94. Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

95. Plaintiff Espinoza (and the FLSA Class Members) were damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF
## THE NEW YORK COMMISSIONER OF LABOR

96. Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

97. Defendants failed to pay Plaintiff Espinoza (and the FLSA Class members) one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Espinoza's spread of hours exceeded ten hours in violation of New York Lab. Law §§ 190 *et seq.*,

and 650 *et seq.*, and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12, § 146-1.6.

98. Defendants' failure to pay Plaintiff Espinoza (and the FLSA Class members) an additional hour's pay for each day Plaintiff Espinoza's (and the FLSA Class members) spread of hours exceeded ten hours was willful within the meaning of New York Lab. Law § 663.

99. Plaintiff Espinoza (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

100. Plaintiff Espinoza repeats and re-alleges all paragraphs above as though fully set forth herein.

101. Defendants failed to provide Plaintiff Espinoza with a written notice, in English and in Spanish (Plaintiff Espinoza's primary language), of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

102. Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION
## VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW

103. Plaintiff Espinoza repeats and re-alleges all paragraphs above as though set forth fully herein.

104. Defendants did not provide Plaintiff Espinoza with wage statements upon each payment of wages, as required by NYLL 195(3).

105. Defendants are liable to Plaintiff Espinoza in the amount of $5,000, together with costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Espinoza respectfully request that this Court enter judgment against Defendants:

(a) Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members, apprising them of the pendency of this action, and permitting them promptly to file consents to be Plaintiffs in the FLSA claims in this action;

(b) Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA class members;

(c) Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Espinoza and the FLSA class members;

(d) Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Espinoza's and the FLSA class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff Espinoza and the FLSA class members;

(f) Awarding Plaintiff Espinoza and the FLSA class members damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g) Awarding Plaintiff Espinoza and the FLSA class members liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza and the members of the FLSA Class;

(i)     Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Espinoza and the members of the FLSA Class;

(j)     Declaring that defendants violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff Espinoza;

(k)     Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff Espinoza's and the FLSA Class members' compensation, hours, wages; and any deductions or credits taken against wages;

(l)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Espinoza and the members of the FLSA Class;

(m)     Declaring that Defendants' violations of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff Espinoza and the FLSA Class members;

(n)     Awarding Plaintiff Espinoza and the FLSA class members damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages, as well as spread of hours pay under the NYLL, as applicable;

(o)     Awarding Plaintiff Espinoza damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(p)     Awarding Plaintiff Espinoza and the FLSA class members liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, spread of hours pay and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(q)     Awarding Plaintiff Espinoza and the FLSA class members pre-judgment and post-judgment interest as applicable;

(r) Awarding Plaintiff Espinoza and the FLSA class members the expenses incurred in this action, including costs and attorney's fees;

(s) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(t) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Espinoza demands a trial by jury on all issues triable by a jury.

Dated: New York, New York
September 1, 2017

MICHAEL FAILLACE & ASSOCIATES, P.C.

*/s/ Michael Faillace*
By:  Michael A. Faillace [MF-8436]
60 East 42nd Street, Suite 4510
New York, New York 10165
(212) 317-1200
*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

August 29, 2017

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff. **(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name/ Nombre:                          <u>Jose Luis Espinoza Gonzales</u>

Legal Representative/ Representante Legal:     <u>Michael Faillace & Associates, P.C.</u>

Signature/ Firma:                       _[signature]_

Date/ Fecha:                            <u>August 29, 2017</u>