# Michael Faillace & Associates, P.C.
#### Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

April 12, 2018



**VIA ECF**

Hon. Katherine Polk Failla  
United States District Judge  
United States District Court  
Southern District of New York  
40 Foley Square  
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  April 16, 2018
```

        **Re:**   *Espinoza Gonzalez, et al v. 547 Lenox Bar-B-Q,, et al*  
              Case No. 17-cv-6704-KPF

Your Honor:

      This office represents Plaintiff Jose Luis Espinoza Gonzalez ("Plaintiff") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff and Defendants 547 Lenox-Bar-B-Q-Rest. Corp., Marc Bernstein and Kwasi Semper ("Defendants" and together with Plaintiff, the "Parties").

      The Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

      The Parties represent to the Court that while the Plaintiff believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, that the settlement is fair, as discussed herein.

**Background**

      Plaintiff was employed by Defendants to work at a BBQ restaurant located at 547 Lenox Avenue, New York, New York 10037 under the name "Harlem Bar-B-Q."

      Plaintiff was employed by Defendants as a dishwasher from approximately February 26, 2016 until on or about August 25, 2017. From approximately February 26, 2016 until on or about December 2016, Plaintiff typically worked approximately 63 or 70 hours per week. From approximately January 2017 until on or about August 25, 2017, Plaintiff typically worked approximately 69.5 hours per week. From approximately February 26, 2016 until on or about August 25, 2017, Plaintiff was paid his wages in cash. However, on three occasions, Plaintiff was paid his wages by personal checks. From approximately February 2016 until on or about August 25, 2017, Defendants paid Plaintiff $10.00 per hour.

Hon. Katherine Polk Failla
April 12, 2018
Page 2 of 4

Plaintiff therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq.*, and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations.  Moreover, Defendants have claimed an inability to pay and have produced documents relating to their inability to pay. After weighing the risks of trial and costs of further litigation, the Parties have reached an agreement at an early stage.

**Settlement**

The Parties have agreed to resolve this action for the total sum of $20,000.00 which will be paid as outlined in **Exhibit A**.  The Plaintiff estimated that, in a best case scenario, he would be entitled to approximately $13,709.50 in minimum and overtime base damages.  However, if Defendants were to succeed, they estimate that the Plaintiff would be entitled to a minor amount, if anything at all. Moreover, because of Defendants' limited resources, the settlement amount may be well above what the Plaintiff could recover if he obtained a judgment.

Thirteen thousand Three-Hundred and Thirty-Three Dollars and Thirty-Three cents ($13,333.33) of the settlement amount will be paid to the Plaintiff.  The remaining Six Thousand Six-Hundred and Sixty-Six Dollars and Sixty-Seven cents ($6,666.67) will be applied as attorneys' fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)).  "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)).  Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff.  The Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action at an early stage of litigation, without incurring the costs or encumbrance of lengthy litigation and trial.  The Twenty-Thousand Dollars ($20,000.00) that he will be receiving accounts for a significant portion of any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees.  This recovery is also well over what the Plaintiffs would recover if

Hon. Katherine Polk Failla
April 12, 2018
Page 3 of 4

Defendants were to successfully prove that Defendants paid the Plaintiff in accordance with the law. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **The Plaintiff's Attorneys' Fees are Fair and Reasonable**

Under the settlement, the Plaintiff's counsel will receive $6,666.67 from the settlement fund as attorneys' fees and costs. This represents one-third of the Settlement amount, a reduction in fees from what is identified in the Plaintiff's retainer agreement, which provides that forty percent of the Plaintiff's recovery will be retained by the firm.

The amount provided to the Plaintiff's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC*,* No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc.*,* 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given the Plaintiff's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, the Plaintiff's counsel was able to obtain a favorable pre-trial result due to the Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit B**, are the Plaintiff's attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

- Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

- Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace &

Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and the Plaintiff has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

### Conclusion

The Plaintiff has been represented by counsel throughout this lawsuit, and the Plaintiff's counsel has agreed to the settlement amount based on the approval of his clients. Plaintiff's interests have thus been adequately safeguarded.

In full consideration of the issues presented in *Cheeks,* we believe that the parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

Thank you for your consideration in this matter.

Respectfully Submitted,

/s/ Michael Faillace
Michael Faillace, Esq.
Michael Faillace & Associates, P.C.
*Attorneys for Plaintiff*

cc: Russell Adler, Esq. (via ECF)
*Attorney for Defendants*

The Court is in receipt of the parties' proposed settlement. (Dkt. #25). The Court has reviewed the proposal in light of *Cheeks* v. *Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), *Lopez* v. *Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky* v. *Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the settlement is fair.

While the Court finds that the attorneys' fees, as provided for on page 2, above, are reasonable, the Court does not make any finding as to the reasonableness of counsel's hourly rates.

The parties are directed to submit an executed stipulation of dismissal by April 23, 2018.

Dated: April 16, 2018
New York, New York

SO ORDERED.

*[signature]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE